**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MURVIN PERSAUD,

      Plaintiff,

v.                                            Case No:   6:23-cv-1277-CEM-LHP

MD AUDIO ENGINEERING INC.,

      Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR JUDGEMENT**   (Doc. No. 11)
>
> **FILED:**  August 8, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff Murvin Persaud, appearing *pro se*, has filed the above-styled "Motion for Judgement" against Defendant, alleging that Defendant was served with process on July 14, 2023, but has failed to appear or otherwise defend.  Doc. No. 11.   Upon review, the motion will be denied without prejudice.

First, the motion fails to comply with the Local Rules, most notably Local Rule 3.01(a), by failing to include a memorandum of legal authority in support. Relatedly, it is not entirely clear from the motion the relief Plaintiff seeks.

Second, to the extent that Plaintiff seeks "judgment" by default, a request for default judgment is premature because Plaintiff has not obtained a Clerk's default against Defendant. *See, e.g.*, *Awgi, LLC v. Team Smart Move, LLC*, No. 6:12-cv-948-Orl-22DAB, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment." (citation and quotation marks omitted)).

Third, insofar as Plaintiff seeks Clerk's default, the motion is insufficient to support the relief sought because the motion fails to demonstrate that service of process was proper. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served). Specifically, the return of service attached to the motion (Doc. No. 11-1) states that Plaintiff himself effected service, which is impermissible. *See* Fed. R. Civ. P. 4(c)(2) (stating that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). Moreover, the docket otherwise reflects that Plaintiff effected such service by certified mail and

email, *see* Doc. No. 10, and the motion fails to demonstrate that service by these means is proper.  *See, e.g.*, *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) (sending copies of complaint and a waiver of service of process via e-mail and U.S. mail does not constitute proper service of process under either Florida or federal law); *Stratton v. Napolitano*, No. 8:11-cv-2651-T-35TGW, 2012 WL 12899117, at *1 (M.D. Fla. Aug. 28, 2012) ("Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law.  Moreover, service by certified mail, without an accompanying waiver, is not sufficient under Florida law." (citations omitted)).

Accordingly, the "Motion for Judgement" (Doc. No. 11) is **DENIED without prejudice**.  Any renewed request for Clerk's default must comply with all applicable Local Rules and must demonstrate, with citation to legal authority, that service of process on Defendant was proper under governing law.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -